

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GROVER SELLERS
ATTORNEY GENERAL

O- 6149

Honorable R. H. Jones
County Attorney
Polk County
Livingston, Texas

Dear Sir:

Opinion No. O-6149
Re: May a juvenile, who has
a definite known resi-
dence and living parents,
be tried in another coun-
ty merely because he had
carried stolen property
through the county and was
apprehended in still an-
other county?

We are in receipt of your letter of recent date in
which you propound the question as stated above.

Your question involves the applicability of two
distinct statutes to cases of juvenile delinquency. One is
a civil statute (Acts 1943, 48th Legislature, Chapter 204,
page 313) now carried in Vernon's Annotated Civil Statutes
of Texas as Article 2338-1. The other, Article 197 of the
Code of Criminal Procedure establishes the venue in the
trial of criminal cases where the charge against the accused
is for theft.

Venue under the statute dealing with delinquent
children, is specified by Section 7-A of the Act (Section
7-A, Article 2338-1, V.A.C.S., supra):

"The petition referred to under Section 7
of this Act may be filed in the Juvenile Court
of the county of residence of said child or of
the county wherein the acts constituting said
child a delinquent child were committed." (Em-
phasis ours)

Article 197, C.C.P., supra, reads as follows:

COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

Honorable R. H. Jones, page 2

"Where property is stolen in one county
and carried off by the offender to another, he
may be prosecuted either in the county where
he took the property or in any other county
through or into which he may have carried it."
(Emphasis ours)

Section 3 of the juvenile statute provides that:

". . . The term 'delinquent child' means
any female person over the age of ten (10) years
and under the age of eighteen (18) years and any
male person over the age of ten (10) years and
under the age of seventeen (17) years:

"(a) who violates any penal law of this
state of the grade of felony;

"(b) or who violates any penal law of this
state of the grade of misdemeanor where the
punishment prescribed for such offense may be
by confinement in jail;

"(c) or who habitually violates any penal
law of this state of the grade of misdemeanor
where the punishment prescribed for such offense
is by pecuniary fine only;

". . . ."

The offense of theft is defined by Article 1410
of the Penal Code of this State, and the punishment is pre-
scribed by Articles 1421 and 1422. If the value of the prop-
erty stolen is fifty dollars ($50.00) or over, the offense is
a felony and the juvenile proceeding would be based upon Sec-
tion 3 (a) of Article 2338-1, supra; if under fifty dollars
($50.00) and over five dollars ($5.00), it would come under
Section 3 (b); if five dollars ($5.00) or under, then the
juvenile proceeding would be in accordance with Section 3 (c).

In prosecutions for theft, the offense is considered
complete when the actual taking has been accomplished. The
carrying of property into a county other than the one in
which it was taken is not a new and distinct theft. Herring-
ton vs. State, 31 Tex. Cr. R. 577, 21 S. W. 356. Article 197.

Honorable R. H. Jones, page 3

C.C.P., supra, is a venue statute only. The court of the county first indicting one for the theft acquires jurisdiction and an accused, asserting his right to be tried in that county, deprives the courts of other counties of jurisdiction. Pearce vs. State, 50 Tex. Cr. R. 507, 98 S. W. 861.

But it has been repeatedly held that proceedings under Article 2338-1, Vernon's Annotated Civil Statutes, are civil in nature. It has been said:

"The delinquency proceeding of your bill (referring to the Act now under consideration) is not in any sense a criminal prosecution -- it is a civil procedure. . . ." (Opinion No. 0-5066, Attorney General, March 3, 1943; Opinion No. 0-5786, Ibid, January 28, 1944; Opinion No. 0-5479, Ibid, August 12, 1943).

Any appeal from the action of the trial court lies, not to the Court of Criminal Appeals, but to the proper Court of Civil Appeals - thence to the Supreme Court. (Section 21, Article 2338-1, supra.)

We have come to the conclusion that there is no question but that Section 7-A of Article 2338-1, supra, gives exclusive venue to either (1) the county of actual residence of the child, or (2) the county wherein the acts constituting said child a delinquent child were committed; that the venue statute in theft cases generally (Article 197, C.C.P., supra) is limited to criminal prosecutions; that a juvenile delinquency case is a civil proceeding and not a criminal prosecution.

We also are of the opinion that a cause of action arises when the theft is committed and since there is but one act on the part of the child bringing the case within the delinquency proceedings and that act occurs when the property is taken, by virtue of Section 7-A, supra, the case of the State seeking to intervene in behalf of its erring ward is properly brought only (1) in the county of the juvenile's actual residence, or (2) in the county where the child originally takes the property with the intent to deprive the true owner of the value thereof.

Honorable R. H. Jones, page 4

We do not imply that even in a juvenile delinquency case, the venue question might not be waived. From reading your letter we conclude such waiver to have been probable in the case mentioned by you.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By Benjamin Woodall
Benjamin Woodall
Assistant

BW:db

